IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-00219-PAB

ROBERT CLAUDIO,

    Applicant,

v.

BARRY GOODRIDGE, Warden of BCCF, and
RICK RAEMISCH, Executive Director of CDOC,

    Respondents.

## ORDER

This matter is before the Court on the Request to Reconsider Dismissal or Alternatively Request for Certificate of Appealability [Docket No. 41] filed by applicant Robert Claudio.

On January 23, 2017, Mr. Claudio filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1]. At the time he filed his petition, applicant was in custody at Bent County Correctional Facility, Las Animas, Colorado. *Id*. at 2. On August 8, 2017, applicant filed the Notice of Change of Address and Request to Maintain Proceedings [Docket No. 38], stating that he "was recently released from prison by discharge on July 27, 2017." *Id*. at 1.

On August 24, 2017, the Court issued a written Order [Docket No. 39] denying Mr. Claudio's Application as moot, as his release from prison deprived the Court of subject matter jurisdiction. Mr. Claudio subsequently moved for this court to reconsider dismissal of his claim or, in the alternative, to issue a certificate of appealability under

28 U.S.C. § 2253. Docket No. 41.

A habeas proceeding under 28 U.S.C. § 2241 is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are met: (1) the applicant is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). The concept of "custody" extends beyond incarceration to "parole on an unexpired sentence." *Waldon v. Cowley*, 880 F.2d 291, 292 (10th Cir. 1989) (citing *Maleng*, 490 U.S. at 492). However, when a habeas petitioner's sentence has fully expired and petitioner suffers "no present restraint from a conviction," a habeas petitioner is no longer "in custody" for purposes of the federal habeas statute. *Maleng*, 490 U.S. at 492.

A federal court must have subject matter jurisdiction at every stage of the case. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." (quotations omitted)). When a habeas petitioner's sentence expires, the court lacks subject matter jurisdiction because the case or controversy is moot. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998).

An exception to the mootness doctrine occurs if there is a sufficient "collateral consequence" of the conviction to give the petitioner a "sufficient stake in the outcome of the case." *Id*.; *Oyler v. Allenbrand*, 23 F.3d 292, 294 (10th Cir. 1994). However, this exception does not apply when, as in this case, the petition attacks the sentence served rather than the validity of the underlying state conviction. *See Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir. 1986) (finding petitioner's appeal moot when the petition only challenged determinations that delayed his parole date). Mr. Claudio alleges that Colorado miscalculated the amount of time remaining on his sentence, but he does not challenge the validity of the underlying convictions. Docket No. 1 at 2-3. Therefore, based on the information before the Court, the collateral consequences rule does not apply to Mr. Claudio..

The Court construes papers filed by Mr. Claudio liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The question before the Court is whether Mr. Claudio's sentence has fully expired. The Colorado Department of Corrections released Mr. Claudio from incarceration on July 27, 2017. Docket No. 41 at 1, ¶ 2. Mr. Claudio has not alleged that he is currently on parole or under any other present restraint from his conviction. *See Maleng*, 490 U.S. at 492. The sentence Mr. Claudio is attacking is the result of a parole revocation. *See* Docket No. 41 at 2, ¶ 6; Docket No. 26-1 at 2, ¶ 11 ("[T]he decision of the Parole Board was to revoke Mr. Claudio's parole for the remainder of

the five years of mandatory parole."). Because there is no reason to believe that Mr. Claudio is currently incarcerated or on parole, his sentence has fully expired.

Mr. Claudio argues that reconsideration is appropriate because he was in custody at the time he filed the petition, and therefore his subsequent release from custody does not moot his habeas petition. *See* Docket No. 41 at 2, ¶ 4 (citing *Maleng v. Cook*, 490 U.S. 488 (1989)). However, his reliance on *Maleng* is misplaced. The Supreme Court in *Maleng* concluded that a habeas petitioner is not "in custody" after the sentence imposed has fully expired. *See Maleng*, 490 U.S. at 492. Here, Mr. Claudio's sentence has fully expired. Mr. Claudio can no longer "secure release from illegal custody" through a § 2241 application because he is not in custody at all. *See McIntosh*, 115 F.3d at 811. Therefore, his petition for habeas corpus is moot.

Mr. Claudio requests a certificate of appealability under 28 U.S.C. § 2253. A certificate of appealability is discretionary and may issue only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Applicant cannot make such a showing because he has been released from custody and because he does not challenge the validity of the underlying sentence.

Wherefore, it is

**ORDERED** that applicant's Request to Reconsider Dismissal or Alternatively Request for Certificate of Appealability [Docket No. 41] is **DENIED**.

DATED October 17, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge